IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

DAVID WILLIAMS,                                          CV-09-6343-MA

       Plaintiff,                                    OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

       Defendant.

RORY LINERUD
Linerud Law Firm
P.O. Box 1105
Salem, OR 97308
(503) 587-8776

       Attorney for Plaintiff

DWIGHT C. HOLTON
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1 - OPINION AND ORDER

RICHARD RODRIGUEZ
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA  98104-7075
(206) 615-3717

       Attorneys for Defendant

MARSH, Judge.

     Plaintiff David Williams seeks judicial review of the Commissioner's final decision denying his January 14, 2005, application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-34.

     For the following reasons, I **AFFIRM** the final decision of the Commissioner and **DISMISS** this matter **with prejudice.**

## BACKGROUND

     Plaintiff originally applied for benefits in January 2001, alleging he was disabled because of pain in his neck, shoulders, arms, back, and feet.  The Commissioner issued a final decision denying that application on February 27, 2004.  The district court affirmed that decision.  See Williams v. Commissioner, 04-CV-6132-HO (D. Or., Nov. 23, 2004).

     Plaintiff reapplied for benefits in January 2005, alleging he had been disabled since February 28, 2004, the day after his prior application was denied, because of pain in both feet, elbows, and shoulders, neck pain, headaches, numbness in both hands and feet, and chronic fatigue.  His claim was again denied initially and on reconsideration.  An Administrative Law

Judge (ALJ) held an evidentiary hearing on October 1, 2008, and issued a Notice of Decision on November 5, 2008, that plaintiff was not entitled to benefits.

The Appeals Council issued a Notice of Decision denying plaintiff's request for review on November 17, 2009.  The ALJ's Notice of Decision, therefore, is  the Commissioner's final decision for purposes of judicial review.

## THE ALJ'S FINDINGS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled.  Bowen v. Yuckert, 482 U.S.137, 140 (1987).  See also 20 C.F.R. § 416.920. Plaintiff bears the burden of proof at Steps One through Four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  Each step is potentially dispositive.

At Step One, the ALJ found plaintiff has not engaged in substantial gainful activity since February 28, 2004.

At Step Two, the ALJ found plaintiff suffers from the following severe impairments:  Lumbar spine spondylosis with osteophytes, bilateral hand degenerative joint disease, and a possible "variant of fibromyalgia syndrome" lacking tender point criteria.  See 20 C.F.R. §404.1520(c)(an impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities).

3 - OPINION AND ORDER

At Step Three, the ALJ found plaintiff's impairments, when considered singly or in combination, do not meet or equal a listed impairment and plaintiff has the residual functional capacity to perform a full range of light work with occasional crouching, stooping, and crawling.

At Step Four, the ALJ found plaintiff is able to perform his past relevant work as a retail store manager

Based on the above findings, the ALJ found plaintiff is not entitled to benefits.

## LEGAL STANDARDS

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). To meet this burden, the claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A).

The district court must affirm the Commissioner's final decision if it is based on proper legal standards and the ALJ's findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all the evidence whether it supports or detracts from the Commissioner's final decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The court must uphold the decision, however, even if it concludes that evidence "is susceptible to more than one rational interpretation."  Andrews, 53 F.3d at 1039-40.

The Commissioner bears the burden of developing the record.  DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).  The duty to further develop the record, however, is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court.  Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 121 S. Ct. 628 (2000).  "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded."  Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

## ISSUES ON REVIEW

The issues are whether the ALJ erred in: (1) not finding that in the four months between February 28, 2004, the date of his latest application, and June 30, 2004, the date he was last insured for purposes of his entitlement to benefits, plaintiff's physical impairments worsened, so as to prevent him from engaging in substantial gainful activity; (2) rejecting the opinion of a treating physician as to plaintiff's residual functional capacity during the relevant time frame; and (3) presenting an inadequate hypothetical to the vocational expert describing plaintiff's workplace limitations.

## DISABILITY PERIOD AT ISSUE

Plaintiff's disability policy lapsed on July 1, 2004. Thus, plaintiff needed to establish he developed a new impairment or his existing impairments worsened between February 28, 2004, the date of the Commissioner's final decision that plaintiff was not disabled, and June 30, 2004, the date plaintiff was last insured. Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).

## EVIDENCE

**Plaintiff's Testimony**.

In an evidentiary hearing on October 1, 2008, plaintiff testified that the pain and stiffness in his neck, shoulders, and elbows, and the numbness in his hands, worsened every day after his first application was denied.

6 - OPINION AND ORDER

**Supporting Medical Evidence**.

In March 2007, family practitioner Richard L. Mentzer, M.D. wrote to the Department of Disability Services in support of plaintiff's pending disability application. He enclosed a letter he had written in August 2003 to plaintiff's then lawyer in which he stated that plaintiff suffered from "chronic severe low back pain radiating into both legs," "chronic neck pain that radiates down his arms," and "chronic fatigue and depression." In that letter, Dr. Mentzer also stated plaintiff was "unable to lift or carry even ten to twenty pounds on a regular basis," "<u>was completely unable to work overhead</u>" and "was completely disabled for the next twelve months." (Emphasis added).

Dr. Mentzer also enclosed a medical report of a physical examination of plaintiff in October 2004, when plaintiff was seeking renewal of a medical marijuana certification.

Based on his October 2004 medical examination of plaintiff and a recent telephone conversation he had with plaintiff in which plaintiff told him his pain conditions and disability had worsened since 2003, Dr. Mentzer opined in his March 2007 letter that plaintiff continued to have "severe neck and low back pain with radicular symptoms into his arms and legs, as well as other musculoskeletal pain diagnosed as fibromyalgia. He further opined plaintiff was "completely disabled in regards to gainful employment."

7 - OPINION AND ORDER

**Vocational Expert Testimony.**

At the hearing, the ALJ asked a vocational expert whether plaintiff would be able to perform light work if he were able to lift only 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk for six hours in an eight-hour day or perform those activities in alternation for a combined total of eight hours; sit or stand at will; perform only one, two, or three step tasks when he was in pain or tired; only occasionally bend, crouch, crawl, stoop or kneel; and use his hands for grasping and fingering frequently but not constantly.

The ALJ did not include any limitations plaintiff might have in reaching overhead, which Dr. Mentzer touched upon when he opined plaintiff "was completely unable to work overhead."

Based on the ALJ's hypothetical, the vocational expert testified plaintiff could perform the jobs of Cashier II, Small Products Assembler, and Electronics Assembler.

## ANALYSIS

To prevail on his claim, plaintiff was required, at a minimum, to present evidence that his medical condition got worse during the relevant period between February 28, 2004, and June 30, 2004, the date plaintiff was last insured. He did not do so. He relies on Dr. Mentzer's October 2004 medical report and 2007 letter. They reflect his treatment of plaintiff in August 2003 and October 2004, before and after the relevant period but not

8 - OPINION AND ORDER

during it, and the telephone conversation he had with plaintiff in 2007. Dr. Mentzer, however, neither spoke to nor treated plaintiff during the relevant period.

The opinions of treating physicians should be credited as true if the ALJ fails to provide clear and convincing reasons for rejecting them. <u>See</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1992 (9th Cir. 1996).

In her written opinion, the ALJ adequately evaluated Dr. Mentzer's evidence:

> The record includes a letter provided by Richard M. Mentzer, M.D., dated March 7, 2007. . . . While Dr. Mentzer endorses Mr. Williams' allegations of disability going back to the specified period, I give his opinion little weight, which is largely based on Mr. Williams' <u>subjective complaints</u>, and does not provide a specific assessment of Mr. Williams' functional abilities.

Tr. 20. (Emphasis added). In bolstering her rejection of Dr. Mentzer's opinion, the ALJ cited other medical evidence from William Nelson, D.O., a physician who did treat plaintiff for fibromyalgia during and immediately after the relevant period, and who, on July 27, 2004, noted:

> David has a predominant diagnosis of fibro-myalgia, which I believe is essentially accurate, although he continues to have occasional neck pain. He feels it is worsening, although an MRI done in August 2003 was essentially negative. He does not have paresthesias with the neck pain, but he does have continued problems with bilateral

> leg pains. . . . On subsequent neurology evaluation, clinically, it was felt that the patient has improved from that . . . . He has not had a subsequent nerve conduction study.
>
> At any rate, he is not taking any medication at this point and has no other chronic medical illnesses.

TR. 229 (emphasis added).

There is no contemporaneous medical evidence in the record to support a finding that plaintiff's physical impairments deteriorated between February 28, 2004, and June 30, 2004.

On this record, I conclude the ALJ gave concise, clear and convincing reasons for not accepting Dr. Mentzer's disability opinion or the physical limitations Dr. Mentzer ascribed to plaintiff, including plaintiff's purported lack of ability to reach overhead. Accordingly, I also conclude the ALJ did not err in excluding that limitation in his hypothetical to the VE.

## CONCLUSION

For these reasons, I **AFFIRM** the decision of the Commissioner. This matter is **DISMISSED** with prejudice.

IT IS SO ORDERED.

DATED this 8 day of February, 2011.

                                       /s/ Malcolm F. Marsh
                                       MALCOLM F. MARSH
                                       United States District Judge

10 - OPINION AND ORDER